FILED & JUDGMENT ENTERED
Steven T. Salata

Jul 29 2014

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T. Beyer*
Laura T. Beyer
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA

IN RE

TAMPA WAREHOUSE, LLC,

    Debtor.

Case No. 13-32547

Chapter 11

**THIRD AGREED OMNIBUS
ORDER (A) AUTHORIZING DEBTOR'S CONTINUED
USE OF CASH COLLATERAL MOTION, (B) CONDITIONALLY
APPROVING DEBTOR FIRST AMENDED DISCLOSURE STATEMENT
(C) CONDITIONALLY APPROVING BANK DISCLOSURE STATEMENT AND
(D) GRANTING OTHER RELATED RELIEF, (E) CONTINUING HEARING ON CASH
COLLATERAL MOTION AND DISMISSAL MOTION, AND (F) ORDERING
RELATED CASE MANAGEMENT PROCEDURES AND SCHEDULING**

THIS CAUSE came on for continued consideration before this Court of "Motion of the Debtor for Emergency and Final Authority to Use Cash Collateral Pursuant to Sections 361 and 363 of the Bankruptcy Code" (the "Cash Collateral Motion") [Docket No. 19], filed December 9, 2013, by Tampa Warehouse, LLC (the "Debtor"), "Region Bank's Motion to Dismiss or Convert Bankruptcy Case" (the "Dismissal Motion") [Doc. No. 89], filed on March 7, 2014, by Regions Bank (the "Bank"), as well as the disclosure statements of the Debtor and Bank, as detailed below.

In the Cash Collateral Motion, the Debtor has sought the authority of this Court to use "cash collateral," as that term is defined in Bankruptcy Code § 363(a), all of which is derived

from rents, issues, and profits earned by the Debtor in its ordinary course of its business (collectively, the "Rents"). It is noted in these regards that the Debtor's business consists of owning and operating a 30.45 acre tract of land, that includes a 681,770 square foot industrial storage facility, having the address of 6422 Harney Road, Tampa, Florida 33610 (the "Facility"). The Facility and the Rents are collectively referred to as the "Collateral," because all of these assets secure the indebtedness of the Debtor to the Bank (the "Obligation"), that is in the principal amount of approximately $17,729,766.92, together with interest, attorney's fees, and costs, the same being evidenced by a series of loan, security, and perfection documents (collectively, the "Loan Documents"), copies of which are a matter of record herein.

The Court additionally notes that the Cash Collateral Motion and related objections of the Bank were previously adjudicated by this Court, by order dated December 20, 2013, entitled "Agreed Omnibus Order (A) Denying Venue Motion, (B) Granting Bank Cash Collateral Motion, (C) Granting Debtor Cash Collateral Motion, (D) Granting Other Related Relief, And (E) Providing Twenty-One (21) Day Objection Period For Parties in Interest" (the "First Omnibus Order") [Doc. No. 50], and continued use of the Rents has been authorized under successive orders of this Court previously [Doc. No. 109]. Thereafter, this Court entered its "Agreed Order Conditionally Granting Debtor Cash Collateral Motion" (the "Cash Collateral Extension Order") [Doc. No. 105], and \"Second Agreed Omnibus Order (A) Authorizing Debtor's Continued Use of Cash Collateral Motion, (B) Sustaining Debtor Disclosure Statement Objections, (C) Granting Bank Exclusivity Motion, (D) Granting Other Related Relief, (E) Continuing Hearing on Cash Collateral Motion and Dismissal Motion, and (F) Ordering Related Case Management Procedures and Scheduling" (the 'Second Omnibus Order") [Doc. No. 127], and the Debtor has been abiding by the terms of the First Omnibus Order, Cash Collateral

2

Extension Order, and Second Omnibus Order (together, the "Prior Orders"). The Second Omnibus Order extended the Debtor's use of Rents through July 30, 2014. The Debtor has requested use of Rents through September 10, 2014 (the "Extended Cash Collateral Deadline"), and the Bank has acquiesced, subject to the Debtor's continued fulfillment of all ongoing obligations imposed under the Prior Orders and this Order, in a manner that this Court has determined to be appropriate under the circumstances. In addition, the Bank has acquiesced to the Extended Cash Collateral Deadline upon consideration of the Debtor paying the Bank's attorney's fees and costs in connection with this Reorganization through June 30, 2014 (the "Attorney's Fee Payment").

In the Dismissal Motion, the Bank alternatively seeks dismissal of this Reorganization or conversion to chapter 7 pursuant to Bankruptcy Code §1112; however, all parties have agreed that the Dismissal Motion should be continued.

The Court notes that the Second Omnibus Order granted "Regions Bank's Motion to Terminate Debtor's Exclusivity Period" [Doc. No. 92], and ordered the Bank to file a plan and disclosure statement by July 1, 2014. Further, the Second Omnibus Order considered the "Disclosure Statement (relating to plan of reorganization)" [Doc. No. 84] filed by the Debtor, "Regions Bank's Objection to Disclosure Statement" [Doc. No. 88] and the "Objection to Disclosure Statement" [Doc. No. 109] filed by the United States Bankruptcy Administrator (the "Bankruptcy Administrator"). The Second Omnibus Order sustained the objections to the First Debtor Disclosure Statement and ordered the Debtor to file an amended disclosure statement and any amended plan of reorganization by July 1, 2014. The July 1, 2014 deadline for the Debtor to file an amended disclosure statement and the Bank to file a competing plan and disclosure statement were extended by consent to July 3, 2014.

On July 3, 2014, the Debtor filed its "Debtor's First Amended Plan of Reorganization" [Doc.

3

No. 134] (the "Debtor Amended Plan") and "Debtor's First Amended Disclosure Statement (Relating to Debtor's First Amended Plan of Reorganization)" [Doc. No. 135] (the "Debtor Amended Disclosure Statement"), and the Bank filed its "Plan of Reorganization of Secured Creditor Regions Bank" [Doc. No. 132] (the "Bank Plan"), and the "Disclosure Statement (Relating to Plan of Reorganization of Secured Creditor Regions Bank" [Doc. No. 133] (the "Bank Disclosure Statement"). Pursuant to the Second Omnibus Order, objections to the Debtor Amended Disclosure Statement or the Bank Disclosure Statement were due on or before July 21, 2014. No party in interest has filed any objection to the Debtor Amended Disclosure Statement or Bank Disclosure Statement, however, the Bankruptcy Administrator has provided comments to the Debtor Amended Disclosure Statement and Bank Disclosure Statement via e-mail.

The Court has determined that the following relief should be afforded to the Bank and the Debtor with respect to the above matters. Accordingly, it is

**ORDERED, ADJUDGED, and DECREED** as follows:

1. **Cash Collateral Motion**: The Case Collateral Motion is hereby granted through the Extended Cash Collateral Deadline, subject to the expressed terms and conditions of the Prior Orders. Notwithstanding any other term or provision of this Order, the Prior Orders shall continue to remain in full force and effect. The Debtor shall remit the Attorney Fee Payment within three (3) days of receipt of backup for the same, subject to the opportunity of the Debtor to object to the fees claimed within three (3) days.

2. **Debtor Amended Disclosure Statement**: The Debtor shall file a second amended disclosure statement to address the Bankruptcy Administrator's e-mailed comments by August 8, 2014. The Debtor Amended Disclosure Statement is conditionally approved pending said changes.

3. **Bank Disclosure Statement**: The Bank shall file an amended disclosure statement to address the Bankruptcy Administrator's e-mailed comments by August 8, 2014. The Bank Disclosure Statement is conditionally approved pending said changes.

4. **Dismissal Motion**: Consideration of the Dismissal Motion is hereby continued as reflected in decretal 5 below.

5. **Initial Notice of Confirmation Hearing**: Based upon the matters to be considered at the Continued Omnibus Hearing, but without prejudice to the merits of all matters set to be considered in that context, this Court hereby schedules an evidentiary hearing (the "Confirmation Hearing"), to occur on **September 10, 2014 at 9:30 a.m.** The Confirmation Hearing will be an evidentiary hearing to consider the Amended Debtor Plan and the Bank Plan, as well as any timely filed objections to either. To be considered at the Confirmation Hearing, objections must be filed of record and served upon all parties in interest, including without limitation the Debtor, the Debtor's counsel, the Bank's counsel of record, and the Bankruptcy Administrator, no later than **September 1, 2014**. Additionally, the Court will consider the merits of the Contested Matters at the Confirmation Hearing.

6. **Discovery Procedure Regarding Contested Matters:** By agreement of the Bank and the Debtor as permitted pursuant to Federal Rule of Civil Procedure 29, and as ordered by this Court, the following discovery related terms and conditions shall prospectively apply in the context of the Contested Matters:

> a. All expert reports or any experts to be utilized by the Debtor or the Bank in connection with any of the Contested Matters shall be exchanged no later than **5:00 p.m. on August 15, 2014**. As agreed by the Debtor and Bank, the Debtor and Bank's expert fees shall be paid from the Rents;

  b. The depositions of corporate representatives of the Bank and the Debtor shall occur in Charlotte, North Carolina, at a time and date to be scheduled the week of **August 25-29, 2014**, and the parties shall designate corporate representatives in a manner consistent with Federal Rule of Bankruptcy Procedure 30 (b)(6) no later than **August 5, 2014**;

  c. The depositions of all experts who will be called to testify by either the Bank or the Debtor at any evidentiary hearing shall occur in Tampa, Florida, at a time and date to be scheduled the week **of September 2-5, 2014**; and

  d. The Bank and the Debtor shall respond to requests for production of documents and interrogatories upon fifteen (15) days' notice, this Court finding cause to shorten notice periods pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), all of which are rendered applicable to the Contested Matters pursuant to Federal Rule of Bankruptcy Procedure 9014(c).

 **DONE AND ORDERED** in chambers, at Charlotte, North Carolina.

*This Order has been signed electronically.*  *United States Bankruptcy Court*
*The Judge's signature and Court's seal*
*Appear at the top of the Order.*

Conformed Copies to:

| | |
|---|---|
| Joshua B. Farmer, Esq. | John A. Anthony, Esquire |
| Tomblin, Farmer & Morris, PLLC | Stephenie Biernacki Anthony, Esquire |
| P.O. Box 632 | Frank A. LaFalce, Esquire |
| Rutherfordton, NC 28139 | Allison C. Doucette, Esquire |
| Attorneys for Debtor | Anthony & Partners, LLC |
| | 201 N. Franklin Street, Suite 2800 |

6

Tampa, Florida 33602

Tampa Warehouse, LLC  
PO Box 1140  
Cornelius, NC 28031-1140

Jimmy R. Summerlin, Jr., Esquire  
North Carolina State Bar Number: 31819  
Young, Morphis, Bach & Taylor, L.L.P.  
P.O. Drawer 2428  
Hickory, North Carolina 28603

U.S. Bankruptcy Administrator Office  
Attn: Linda W. Simpson, Esquire  
402 W. Trade Street  
Suite 200  
Charlotte, NC 28202-1669  
U.S. Bankruptcy Administrator